Michael A. Rollin (State Bar No. 251557)
Matthew D. Spohn (State Bar No. 269636)
REILLY POZNER LLP
515 South Flower Street, 36th Floor
Los Angeles, California 90071
Telephone: (213) 236-3576
Facsimile: (213) 236-3570

511 Sixteenth Street Suite 700
Denver, Colorado 80202
Telephone: (303) 893-6100
Fax: (303) 893-6110

mrollin@rplaw.com
mspohn@rplaw.com

Attorneys for Creditor LEHMAN BROTHERS HOLDINGS, INC.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>FIRST FINANCIAL LENDER,<br><br>Debtor. | CASE NO. 10- 55096 RLE<br><br>CHAPTER 7<br><br>**CREDITOR LEHMAN BROTHERS HOLDINGS, INC.'S MOTION FOR ORDER AUTHORIZING EXAMINATION OF DEBTOR'S OFFICERS AND SERVICE OF SUBPOENAS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**<br><br>**[NO HEARING REQUIRED]** |

Lehman Brothers Holdings, Inc. ("LBHI"), submits this motion for an order pursuant to Federal Rule of Bankruptcy Procedure 2004 authorizing (1) the examination of the Debtor's officers Teri Nguyen and Vinh Nguyen regarding the Debtor and related entities, including First Financial Team, (2) requiring the production of documents from the Debtor and its officers, and (3) authorizing a subpoena to the Debtor's banks for the Debtor's bank records.
MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATION AND SUBPOENAS

## I.

## RELIEF REQUESTED

LBHI requests that the Court enter an order pursuant to Federal Rule of Bankruptcy Procedure 2004 authorizing an examination of (1) the Debtor's officers Teri Nguyen and Vinh Nguyen, (2) the production of documents from Debtor and its officers, and (3) a subpoena to the Debtor's banks for the Debtor's bank records. LBHI seeks an examination of Mr. and Ms. Nguyen and the production of documents for the purposes of investigating the financial affairs of the Debtor, including its relationship to the potential successor entity First Financial Team, Inc.; investigating transactions involving interests of the estate; and establishing facts that may be required to establish LBHI's claim against the Debtor. The scope of the examination will be in accordance with Bankruptcy Rule 2004(b).

## II.

## STATEMENT OF FACTS

1. On May 14, 2010 the Debtor filed a voluntary petition in this Court under Chapter 7 of the Bankruptcy Code. At the time of Debtor's filing, the Debtor was in litigation with LBHI in the United States District Court for the Northern District of California, Case No. C09-00545 PVT ("the Civil Litigation"). The depositions of the Debtor's officers Teri Nguyen and Vinh Nguyen had been scheduled to take place in that case on May 6, 2010, but Mr. and Ms. Nguyen did not appear for those depositions given the Debtor's intention to file for bankruptcy protection. (Declaration of Matthew D. Spohn, ¶ 2).

2. In the Civil Litigation, the Debtor had been ordered by the court to produce certain documents and information relevant to LBHI's claims against the Debtor, and the Debtor's relationship to a potential successor entity known as First Financial Team that was formed shortly after the Debtor closed its doors, operating from the same address, with many of the same officers. The Debtor failed to comply with the court's order compelling the production of such documents and information, and a motion for sanctions against the Debtor was pending when the Debtor filed for bankruptcy protection. (Declaration of Matthew D. Spohn, ¶ 3; Case No. C09-00545 PVT, Docket Entry Nos. 43, 44 & 91).

2

MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATION AND SUBPOENAS

3. In its Chapter 7 filings, the Debtor admits that Ms. and Mr. Nguyen are President and CFO of the Debtor, respectively, and both members of its Board of Directors. (Docket Entry No. 6 at p. 23).

## III.

## DISCUSSION

**A. LBHI Should Be Authorized To Question The Debtor's Principals**

Rule 2004(a) provides that on motion of any party in interest, the Court, pursuant to Bankruptcy Rule 2004(b), may order the examination of an entity to allow an inquiry into the debtor's acts, conduct, financial affairs, or any matter that may affect the administration of the estate or any other matter relevant to the case. 9 *Collier on Bankruptcy*, ¶ 2004.02 (15th ed. Rev. 2008). The scope of an examination under Bankruptcy Rule 2004 is "unfettered and broad." *In re Dinubilo*, 177 B.R. 932, 939 (E.D. Cal. 1993). When the debtor is a corporation, such as the Debtor is here, the term "debtor" in Rule 2004(a) includes "any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control," if so designated by the Court. Rule 9001(5)(A). Accordingly, Ms. and Mr. Nguyen may be considered the Debtor for purposes of their examination.

LBHI submits that an examination of Ms. and Mr. Nguyen, coupled with a request for many of the same documents that the Debtor refused to produce in the Civil Litigation despite a court order to do so, plus additional documents relevant to its financial affairs, will materially advance LBHI's ability to probe the Debtor's assets, including potential third-party successor liability, and to establish facts that may be necessary to establish LBHI's claim against the Debtor. As the only officers of the Debtor, Ms. and Mr. Nguyen are certainly the appropriate individuals to be questioned.

LBHI's counsel has discussed this motion with counsel for the Debtor, and the parties have agreed that the Rule 2004 examinations of Teri and Vinh Nguyen, if authorized, will take place on August 4, 2010 in San Jose, California.

3

MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATION AND SUBPOENAS

Case: 10-55096    Doc# 10    Filed: 06/15/10    Entered: 06/16/10 15:53:52    Page 3 of 14

### B. LBHI Should Be Authorized To Serve Document Subpoenas Upon The Debtor, Its Principals, And Its Banks.

Rule 2004(c) allows a subpoena to be issued to compel parties and third parties to appear for examinations and to produce documents. LBHI first requests that the Court authorize it to serve subpoenas for the production of documents upon the Debtor and Ms. and Mr. Nguyen in furtherance of LBHI's examination of Ms. and Mr. Nguyen and its investigation of Debtor's assets and relationship to a potential successor entity. To that end, counsel for Debtor has agreed to accept service of such subpoenas if authorized by the Court. A list of the document to be requested from the Debtor and Ms. and Mr. Nguyen is attached as Exhibit A to this motion.

In addition, in the Civil Litigation the Debtor asserted that it "misplaced" many documents relating to the company. To that end, to aid in LBHI's investigation into the disposition of the Debtor's assets and possible transfers to third parties, including the potential successor entity First Financial Team, Inc., LBHI requests that it be authorized to serve a subpoena for the production of documents upon the Debtor's banks for their bank statements, copies of canceled checks, and any financial statements or reports provided to those banks. Records previously provided by Debtor to LBHI indicate that the Debtor maintained bank accounts at Provident Bank of Cincinnati Ohio, now part of National City Corporation, and at Bank of America. (Declaration of Matthew D. Spohn ¶ 5). To allay any privacy concerns, LBHI has provided confidentiality restrictions in its proposed order submitted with this motion. A list of the document to be requested from the Debtor's banks is attached as Exhibit B to this motion.

### IV.
### CONCLUSION

For all the foregoing reasons, LBHI respectfully requests that the Court enter the proposed order filed herewith.

DATED: June 15, 2010

REILLY POZNER LLP

By: _____
Michael A. Rollin
Matthew D. Spohn
Attorneys for Creditor
Lehman Brothers Holdings, Inc.

5

# PROOF OF SERVICE

**STATE OF COLORADO,**

**COUNTY OF DENVER**

I am employed in the aforesaid county, State of Colorado; I am over the age of 18 years and not a party to the within action; my business address is 511 Sixteenth Street, Suite 700, Denver, Colorado 80202.

On June 15, 2010, I served the **CREDITOR LEHMAN BROTHERS HOLDINGS, INC.'S MOTION FOR ORDER AUTHORIZING EXAMINATION OF DEBTOR'S OFFICERS AND SERVICE OF SUBPOENAS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, addressed to the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

| | |
|---|---|
| Jenny Do, Esq.<br>111 West Saint John St., Ste. 888<br>San Jose, CA 95113<br>Telephone No.: 408-292-5505<br>Attorney for First Financial Lender | Mohamed Poonja<br>Bankruptcy Trustee<br>P.O. Box 1510<br>Los Altos, CA 94023-1510 |

☒ **(BY FIRST CLASS MAIL)**

☒ I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Santa Monica, California, in the ordinary course of such business.

☐ **(BY FACSIMILE)**

On June 15, 2010, I transmitted the foregoing document(s) by facsimile sending number.

☐ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)**

Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 15, 2010, at Denver, Colorado.       *Ann Romanelli*

419372

# EXHIBIT A

426960

# EXHIBIT A TO SUBPOENAS UPON FIRST FINANCIAL LENDER, TERI NGUYEN AND VINH NGUYEN

## I. DEFINITIONS

1. "First Financial Lender" refers to the Debtor in this bankruptcy case.

2. "First Financial Team, Inc." refers to the California corporation First Financial Team, Inc., including anyone acting or purporting to act on behalf of it including, without limitation, affiliated entities, subsidiaries, officers, directors, investors, employees, agents, representatives, attorneys, consultants, and other personnel.

3. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

4. "Communication" or "Communicate" is used in its broadest sense possible and includes, but is not limited to, any face-to-face conversation, meeting or conference, any telephone conversation, any e-mail transmission, and any communication whatsoever by the use of any media.

5. "Document" includes without limitation: all writings, correspondence, e-mail and instant messages (including attachments, message content, header information, and logs of system usage), records, charts, spreadsheets, drawings, graphs, photographs, reports, memoranda, recordings, notes, contracts, agreements, telegrams, telexes, faxes, statements, invoices, record books, reports, analyses, minutes, records, accounting and financial books, transcriptions, negotiable instruments, deeds, deeds of trust, books, pamphlets, catalogues, brochures, extracts, working papers, letters, diaries, logs, studies, instructions, data or information stored on a computer or any computer disk, electronic communications, computer communications and data compilations from which information can be obtained or translated by You through detection devices into a

reasonably usable form and other written, printed, stored or recorded material or statements of any kind. "Document" also includes all drafts and non-identical copies, such as those bearing marginal comments or other marks, postscripts, changes, amendments, addenda or other notations not present on the original Document as initially written, typed, or otherwise prepared. Each such non-identical copy is to be considered and identified as a separate Document. To the extent any "Communication," as defined above, is reduced to writing or other recordation, it is expressly included within the definition of a "Document."

## II. REQUESTS

6. All Documents relating to the repurchase and/or indemnity demands made by Aurora Loan Services, LLC, Lehman Brothers Holdings, Inc. or Lehman Brothers Bank FSB (now known as Aurora Bank FSB) to First Financial Lender for the mortgage loans numbered ****4843 and ****8761, borrower Vicente Gaytan, that were originated by First Financial Lender, including all Communications relating to those repurchase and/or indemnity demands.

1. All of First Financial Lender's constituent documents, including (but not limited to) its Articles of Incorporation, Bylaws, and Operating Agreement.

2. All of First Financial Lender's corporate books and records, including (but not limited to) minutes of company meetings, minutes of board of director meetings, minutes of stockholder meetings, records of all actions taken by its board of directors without a meeting or formal board approval, records of all actions taken by its shareholders without a meeting or formal shareholder approval, stock certificates and records, corporate resolutions, ledgers and minute books.

426960

3. All statements, canceled checks and deposit slips for bank accounts, credit accounts or other financial accounts held by First Financial Lender at any time from January 1, 2007 to present.

4. All financial statements, balance sheets, cash flows, profit and loss statements, income statements, or other financial reports or analyses relating to First Financial Lender at any time from January 1, 2007 to present.

5. All contracts, agreements and negotiable instruments to which First Financial Lender is currently a party or has been a party at any time since January 1, 2007, and all assignments of any contracts, agreements and negotiable instruments to which First Financial Lender was a party at any time from January 1, 2007 to present.

6. All Documents (including tax documents) reflecting any conveyances, transfers, gifts or other disposition of any assets (real property, personal property, money, securities, financial instruments, judgments, claims, stock, bonds, ownership interests, trust interests, or other rights having any value) owned solely or jointly with others by First Financial Lender at any time from January 1, 2007 to present.

7. All Documents reflecting any accounts receivable, debts, judgments, or other monetary obligations of any person or entity owed to First Financial Lender solely or jointly with others, at any time from January 1, 2007 to present.

8. All Documents relating to any certificates, stocks, shares or interest in any corporation, company or unincorporated association or partnership interest, limited or general, or any bonds or other securities First Financial Lender has owned at any time since January 1, 2007, including options to purchase securities.

9. All Documents relating to each payment or transfer of any thing of value

426960

made by First Financial Lender to satisfy any debt or obligation owed by any of its officers, owners or shareholders at any time.

10. All Documents relating to any debts or monetary obligations owed to First Financial Lender by any of its officers, owners or shareholders at any time.

11. All Documents relating to any debts or monetary obligations owed by First Financial Lender to any of its officers, owners or shareholders at any time.

12. All Documents concerning, discussing, describing, analyzing, and/or otherwise relating to the legal, business, or other relationship between First Financial Lender and First Financial Team, Inc. at any time.

13. All Documents relating to each asset, item of property, thing of value or service First Financial Lender provided to, lent to, or shared with First Financial Team, Teri Nguyen, and/or Vince Nguyen at any time.

14. All Documents relating to each asset, item of property, thing of value or service First Financial Team, Teri Nguyen, and/or Vince Nguyen provided to, lent to, or shared with First Financial Lender at any time.

15. All Documents relating to each payment or transfer of any thing of value made by First Financial Lender to satisfy any debt or obligation owed by First Financial Team, Teri Nguyen, and/or Vince Nguyen at any time.

16. To the extent not otherwise produced, all documents in your possession, custody or control that constitute or reflect communications with First Financial Team, Inc., its officers, owners, shareholders, or anyone purporting to act on its behalf.

426960

# EXHIBIT B

427065

# EXHIBIT A TO SUBPOENA UPON BANK OF AMERICA

## I. DEFINITIONS

1. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

2. "Communication" or "Communicate" is used in its broadest sense possible and includes, but is not limited to, any face-to-face conversation, meeting or conference, any telephone conversation, any e-mail transmission, and any communication whatsoever by the use of any media.

3. "Document" includes without limitation: all writings, correspondence, e-mail and instant messages (including attachments, message content, header information, and logs of system usage), records, charts, spreadsheets, drawings, graphs, photographs, reports, memoranda, recordings, notes, contracts, agreements, telegrams, telexes, faxes, statements, invoices, record books, reports, analyses, minutes, records, accounting and financial books, transcriptions, negotiable instruments, deeds, deeds of trust, books, pamphlets, catalogues, brochures, extracts, working papers, letters, diaries, logs, studies, instructions, data or information stored on a computer or any computer disk, electronic communications, computer communications and data compilations from which information can be obtained or translated by You through detection devices into a reasonably usable form and other written, printed, stored or recorded material or statements of any kind. "Document" also includes all drafts and non-identical copies, such as those bearing marginal comments or other marks, postscripts, changes, amendments, addenda or other notations not present on the original Document as initially written, typed, or otherwise prepared. Each such non-identical copy is to be considered

427065

and identified as a separate Document. To the extent any "Communication," as defined above, is reduced to writing or other recordation, it is expressly included within the definition of a "Document."

## II. REQUESTS

1. Copies of all statements, canceled checks and deposit slips for bank accounts, credit accounts or other financial accounts held in the name of the entity First Financial Lender from January 1, 2007 to present.

2. Copies of any financial statements or reports furnished to you by First Financial Lender.

427065